STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO, CV-97-134
JMO - Ken 1/21/~ ··

STATE OF MAINE, ex rel.
G. STEVEN ROWE,

       Plaintiff

v.

R.J. REYNOLDS TOBACCO COMPANY,
et al.,

       Defendants

**DECISION AND ORDER**

This matter is before the court on the State's motion to enforce a December 3, 1998 Consent Decree against the defendant.[1] After weighing the evidence submitted during trial and reviewing all submitted memoranda, the court renders the following decision.

FINDINGS OF FACT

In the mid-1990's, Maine and a number of other states brought suit against the largest cigarette companies in the United States, including the defendant, R.J. Reynolds (Reynolds). Rather than litigate, the four major companies, including Reynolds, and the Attorneys General of forty-six states and six territories, including Maine, signed a Master Settlement Agreement (MSA) in November of 1998. (Def.'s Ex. 103 (MSA).) The MSA was implemented through a Consent Decree, and the court, through the Consent Decree, retained jurisdiction. (Def.'s Ex. 104 (Consent Decree).) The current dispute arises primarily from a Reynolds advertisement placed in the November 15, 2007, 40th Anniversary issue of *Rolling Stone* magazine.

---

[1] On 5/20/08, this court DENIED the defendant's motion to dismiss the enforcement action. By Order dated 9/5/08, this court GRANTED defendant's motion to strike the state's request for civil sanctions.

## I. Reynolds' "Camel Farm" Advertisement in *Rolling Stone* Magazine

Reynolds purchased a four-page gatefold advertisement in the November 15, 2007, 40th Anniversary issue of *Rolling Stone.* (See State's Ex. 6.) The gatefold advertisement contained four pages of Reynolds advertising and five pages of *Rolling Stone* editorial content, arranged in the following manner: a lead-in page of advertising was followed by a page of editorial content; the editorial content was then followed by two opposing pages of advertising, which opened to four pages of editorial content; this was followed by one page of lead-out advertising. (Id.; Stipulation ¶ 18.) Both the Reynolds advertisement itself and the circumstances surrounding the placement of the advertisement relative to the *Rolling Stone* editorial content are material to the resolution of this dispute.

### a. Reynolds' Camel Farm Advertisement

Reynolds worked with Kaart Marketing to create the Camel Farm advertisement. (See M. Weinstock Dep. at 33:12-32; 69:16-23.) The advertisement was based on a preexisting Camel Farm creative platform Reynolds used to promote its Camel Farm campaign, through which Reynolds supports independent rock labels and bands. (State's Ex. 8; M. Weinstock Dep. at 43:19-45:13.) The Camel Farm imagery has been in the public domain since mid-2006. (M. Weinstock Dep. at 107:2-15.) Reynolds gatefold advertisement used a collection of photographs to display images including: (1) a red tractor with film reels for wheels and a film projector for an engine; (2) radios, speakers and television sets growing from the ground; (3) flying radios with propellers; and (4) an eagle carrying a mirror from which protrudes a disembodied hand. (State's Ex. 6.) *Rolling Stone* had no involvement in the creation of the Camel Farm advertisement.

### b. Intertwinement With *Rolling Stone's* Editorial Content

*Rolling Stone* commissioned Benjamin Marra to prepare the graphics for the five pages of editorial content. (Stipulation ¶ 19.) Entitled "Indie Rock Universe," the editorial content consists of five pages grouping and cataloging independent rock music labels and bands, accompanied by hand-drawn illustrations. (State's Ex. 6.) These illustrations depict UFOs, a rocket-powered guitar, stylized planets, a guitar-playing robot, a headless, armless bagpiper, and an "animal plant," among others things. (Id.) The *Rolling Stone* editorial does not refer to tobacco products, Reynolds, the *Camel* brand, or the Camel Farm campaign. (Id.)

Reynolds purchased the gatefold advertisement as a "high impact" unit, which is designed to increase the odds of the advertisement being seen. Reynolds was aware that their gatefold advertisement would open up to a *Rolling Stone* editorial relating to independent music, and was attempting to connect its brand with independent music through the advertisement. However, neither Reynolds, nor any Reynolds' employee or agent, was involved in the development, creation, or execution of the editorial content. (Stipulation ¶ 21.) Moreover, neither Reynolds, nor any Reynolds' employee or agent, previewed the editorial content prior to the printing of the magazine. (Stipulation ¶ 20.) Other than an awareness that *Rolling Stone*'s editorial would concern independent music, Reynolds had no knowledge or involvement in the substantive or stylistic content of the editorial. (See Stipulation ¶ 22-23.) This "separation" between advertising and editorial decision-making is standard industry practice.

At a 5/17/07 meeting, *Rolling Stone* showed Reynolds a copy of a gatefold in the May 3 issue, the first of three planned 40th Anniversary issues. The gatefold included an advertisement for Patron brand tequila, run adjacent to a *Rolling Stone* editorial consisting of traditional typed text and photographs. (Brewer Dep. at 41:9-42:14; Hecht Dep. at 55:17-57:24; Brown Dep. at 98:16-100:11; see State's Ex. 60.) Based on this

example and statements made at the meeting, Reynolds' representatives at the meeting believed that the November 15 gatefold would look similar. (See, e.g., Brewer Dep. at 50:1-14.) Reynolds did not indicate the "Cartoon" ban in its Insertion Order[2] or otherwise inform *Rolling Stone* about the "Cartoon" ban.

In a letter, following the receipt of an 11/21/07 letter from two state Attorneys General expressing concern about the Camel Farm advertisement in the November 15th issue of *Rolling Stone*, Reynolds admitted that it was "surprised and concerned" when the issue was published, and believed the juxtaposition of the Camel Farm advertising with the gatefold was "unfortunate." (Def.'s Ex. 108.)

## II. Reynolds' "Farm Rocks" Website

Readers of the *Rolling Stone* gatefold advertisement were invited to visit the "Farm Rocks" age-restricted website. (State's Ex. 6.) The website includes the same type of photographic montage as the Camel Farm gatefold advertisement and includes, among other images: (1) a photo image of duck with a bird perched on its head; (2) an eagle perched on a blindfolded man's head; and (3) a jet-propelled tractor. (State's Ex. 113.) To date, the State has not received any complaints from Maine residents regarding the "Farm Rocks" website. (Stipulation ¶ 27.)

## III. The Current Action

On 12/4/07, the State moved to enforce the Consent Decree against Reynolds, asserting that the *Rolling Stone* advertisement and "Farm Rocks" website violated the "Cartoon" provision of the Consent Decree.

DISCUSSION

---

[2] Reynolds' Insertion Order constitutes the "positioning guidelines" for its advertising. Among other requirements, the Insertion Order directs *Rolling Stone* not to place the Camel Farm advertisement next to "antithetical editorial." (State's Ex. 1.)

The State, pursuant to 4 M.R.S. §§ 105 and 114, seeks to enforce the Consent Decree against the defendant. Reynolds argues that this proceeding constitutes an action for contempt, requiring the state to prove by "clear and convincing evidence" that Reynolds violated the terms of the Consent Decree. See State v. Shattuck, 2000 ME 38, ¶¶ 17-18, 747 A.2d 174, 179 (explaining that once the court signs a consent decree, it becomes a judgment of the court, "subject to the rules generally applicable to other judgments and decrees"); Land Use Regulation Comm'n v. Tuck, 490 A.2d 649, 652 (Me. 1985) (applying law of civil contempt in an action alleging violations of a consent order).[3]

Although the State concedes that contempt actions are *one way* that consent decrees may be enforced, the State argues that the Consent Decree itself explicitly authorizes the motion to enforce: "The State and/or any Participating Manufacturer may apply to the Court at any time for further orders and directions as may be necessary or appropriate for the implementation and enforcement of this Consent Decree and Final Judgment." (Def.'s Ex. 104 (Consent Decree § VI.A).) Because, as discussed below, the court finds that the State cannot meet its burden to prove by even a preponderance of the evidence[4] that Reynolds violated the Consent Decree, the court need not determine whether the higher "clear and convincing evidence" standard applies.

---

[3] In order to find a party in contempt, the court must find, by clear and convincing evidence, that: "(i) the alleged contemnor has failed or refused to perform an act required or continues to do an act prohibited by a court order, and (ii) it is within the alleged contemnor's power to perform the act required or cease performance of the act prohibited." M.R. Civ. P. 66(d)(2)(D); White v. Nason, 2005 ME 73, ¶ 7, 874 A.2d 891, 893. "Evidence is clear and convincing when 'the required factual findings were proved to be highly probable.'" Id. (quoting Shrader-Miller v. Miller, 2004 ME 117, ¶ 20, 855 A.2d 1139, 1145). Before a party may be held in contempt for violating a court order, "the order should inform him in definite terms as to the duties thereby imposed upon him." Banker v. Bath Iron Works Corp., 507 A.2d 602, 604 (Me. 1986).

[4] See Jacobs v. Jacobs, 507 A.2d 596, 599 (Me. 1986) ("The standard of proof in a civil case between two private parties is ordinarily preponderance of the evidence, a rule that is departed from only in those rare circumstances where a higher standard of proof is clearly justified for constitutional or other significant policy reasons.").

The Consent Decree provides, in pertinent part,[5] that Reynolds is permanently enjoined from "using or causing to be used within the State of Maine any Cartoon in the advertising, promoting, packing or labeling of Tobacco Products." (Def.'s Ex. 104 (Consent Decree § V.B.).) For purposes of interpreting the Consent Decree, "Cartoon" means:

> any drawing or other depiction of an object, person, animal, creature or any similar caricature that satisfies any of the following criteria:
>
> > (1) the use of comically exaggerated features;
> >
> > (2) the attribution of human characteristics to animals, plants or other objects, or the similar use of anthropomorphic technique; or
> >
> > (3) the attribution of unnatural or extrahuman abilities, such as imperviousness to pain or injury, X-ray vision, tunneling at very high speeds or transformation.
>
> The term "Cartoon" includes "Joe Camel," . . . .

(State's Ex. 109.)

The State makes two claims. First, the State argues that the Camel Farm imagery used in Reynolds' four-page Camel Farm advertisement, as well as on the related "Farm Rocks" website, contained Cartoons. Second, the State argues that Reynolds violated the Cartoon prohibition because *Rolling Stone's* five-page "Indie Rock Universe" editorial contained Cartoons. Neither of the State's arguments have merit.

## I.  Reynolds' Camel Farm Imagery Is Not A "Cartoon"

None of the imagery contained in the Camel Farm creative platform, including the Camel Farm advertisement in November 15th issue of *Rolling Stone* and the "Farm Rocks" website, falls within the MSA definition of "Cartoon." Generally, the Camel Farm imagery employs surreal, somewhat simplistic, unusual, unrealistic photo-collage

---

[5] The State does not contend that the Camel Farm advertisement or the "Farm Rocks" website violates any provision of the MSA/Consent Decree other than the prohibition of "Cartoons." (Stipulation ¶¶ 7-8.)

style imagery. These images are far different from the animated Joe Camel, a more traditional cartoon of the type holding a particular appeal for children. Although the definition of "Cartoon" is not restricted to the Joe Camel type-image, interpreting the definition of "Cartoon" without reference to the concerns of the parties involved disregards common sense and established legal principles. See Shattuck, 2000 ME 38, ¶ 18, 747 A.2d at 179 (noting contractual nature of consent decrees); Baybutt Constr. Corp. v. Commercial Union Ins. Co., 455 A.2d 914, 919 (Me. 1983) (following the "long established rule of law in this State that the paramount principle in the construction of contracts is to give effect to the intention of the parties as gathered from the language of the agreement viewed in the light of all the circumstances under which it was made.").

Given this general, underlying interpretive construction, the Camel Farm imagery does not meet any of the three definitions of "Cartoon" set forth in the MSA. None of the images contain "comically exaggerated features" or attribute "human characteristics to animals, plants or other objects" in any manner similar to the prototypical Joe Camel. Nor do any of the images involve the "attribution of unnatural or extrahuman abilities, such as imperviousness to pain or injury, X-ray vision, tunneling at very high speeds or transformation." (State's Ex. 109.) While the list of attributes in this definition is not exclusive, they are instructive, like the example of Joe Camel, in defining the boundaries of the definition. See Penobscot Nation v. Stilphen, 461 A.2d 478, 489 (Me. 1983) (applying the cannon of ejusdem generis, which states that "a general term followed by a list of illustrations is ordinarily assumed to embrace only concepts similar to those illustration"). None of the Camel Farm imagery involves any of the "super-hero" like powers embraced within this definition. Finally, because

Reynolds used the same type of images on its "Farm Rocks" website, the website similarly does not violate the Consent Decree's Cartoon ban.[6]

II. **Reynolds Did Not Violate The "Cartoon" Prohibition Because of *Rolling Stone*'s Editorial Content**

As an initial matter, although the *Rolling Stone* editorial content, "Indie Rock Universe," obviously contains Cartoons, the editorial itself plainly does not "advertis[e] . . . Tobacco Products." The editorial does not refer to Reynolds or any arguably tobacco-related product. Instead, the State argues that Reynolds chose to avail itself of the content of the editorial by purchasing advertising inextricably physically and thematically intertwined with the editorial content. Accordingly, the State argues, Reynolds "used and caused to be used" Cartoons in the advertising of its products. The court cannot agree. Although Reynolds sought to establish a synergy with *Rolling Stone* and emphasize its support of independent music, it did not "use" or "cause to be used" the Cartoons in the *Rolling Stone* editorial. The MSA Cartoon ban employs two active verbs, prohibiting Reynolds from "using" Cartoons or "causing" Cartoons to be used in advertising tobacco products. This language prohibits Reynolds from engaging in affirmative conduct. See McCready v. eBay, Inc., 453 F.3d 882, 889 ("To be a 'debt collector' under the FDCPA entails engaging in some affirmative conduct with regard to collecting a debt, as evidenced by the statute's use of active verbs."); Washington v. R.J. Reynolds Tobacco Co., No. 96-2-15056-8 SEA, at *5 (Wash. Super. Ct., June 2, 2008) (reasoning that "using" and "causing" are active verbs and the "Consent Decree's agreed language thus must be read to prohibit RJR from certain affirmative conduct"). Regarding Reynolds' role in the *Rolling Stone* editorial content, at most, Reynolds had

---

[6] The court also notes that, thus far, both MSA courts addressing this issue determined that none of the Camel Farm imagery fell within the definition of "Cartoon." See Ohio v. R.J. Reynolds Tobacco Co., No. 97 CVH 05-5114, at *25-27 (Ohio Ct. of Common Pleas, July 30, 2008); Washington v. R.J. Reynolds Tobacco Co., No. 96-2-15056-8 SEA, at *4 (Wash. Super. Ct., June 2, 2008).

knowledge, and desired, that the enclosed editorial content would address independent music. Beyond this, however, given the separation between editorial and advertising departments at *Rolling Stone*, Reynolds did not, and indeed could not, know the editorial content would contain Cartoons. Indeed, the witness testimony in this case demonstrated Reynolds' lack of control regarding the placement of their advertising and, more importantly, the editorial content with which it appeared. Witnesses testified that it was standard industry practice for an advertiser such as Reynolds to be in the dark as to the editorial content that would appear with its advertising. Without any involvement in or knowledge of the stylistic content in the *Rolling Stone* editorial, Reynolds cannot be said to have been "using" Cartoons or "causing" them to be used.

On the other hand, Reynolds did have "some control" over the positioning of its advertisement, evidenced by its Insertion Order prohibiting the placement of its advertisement next to "antithetical editorial." An MSA court in Ohio, in imposing a duty upon Reynolds to take reasonable steps to prevent the use of Cartoons in its advertising, noted that Reynolds could have inserted a provision in its Insertion Order requesting that no Cartoons be used in the editorial content within its gatefold advertisement. See Ohio v. R.J. Reynolds Tobacco Co., No. 97 CVH 05-5114, at *29-31 (Ohio Ct. of Common Pleas, July 30, 2008).

Nevertheless, the facts in this case establish that Reynolds was shown examples of previous *Rolling Stone* gatefolds, including editorial content, which employed only traditional text and photographs. Given what Reynolds knew and reasonably expected at the time, the court cannot view Reynolds failure to specifically request that the *Rolling Stone* editorial content not contain Cartoons as "causing" Cartoons to be used in advertising tobacco products. See Washington v. R.J. Reynolds Tobacco Co., No. 96-2-15056-8 SEA, at *7. Even applying a negligence standard, Reynolds was not

unreasonable in assuming that the gatefold would be similar to the examples they were shown.

Accordingly, the court concludes that Reynolds has not violated the terms of the Consent Decree by "using or causing to be used within the State of Maine any Cartoon in the advertising, promoting, packing or labeling of Tobacco Products." Because Reynolds did not violate the Consent Decree, the State is not entitled to any of the remedies requested.

The entry is:

       The State of Maine's Motion to Enforce Consent Decree is hereby denied.

January ℷ , 2009

Justice Joseph Jabar

Attorney for State of Maine
Jennifer Willis
Christopher Taub
Office of Attorney General
6 State House Station
Augusta, ME 04333-0006

Attorney for Defendant
John Paterson
P.O. Box 9729
Portland, ME 04104-5029

Geoffrey Beach
51 Louisiana Ave N.W.
Washington, DC 20001-2113

STATE OF MAINE - PLAINTIFF

Attorney for: STATE OF MAINE
JENNIFER ANN WILLIS  - RETAINED 07/17/2008
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


COMMISSIONER OF DHHS - PLAINTIFF

Attorney for: COMMISSIONER OF DHHS
CHRISTOPHER C TAUB  - RETAINED 04/19/2006
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006



vs
PHILIP MORRIS INC - DEFENDANT
'
Attorney for: PHILIP MORRIS INC
JOHN LAMBERT  - RETAINED
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112-5215


R.J.REYNOLDS TOBACCO COMPANY, INC. - DEFENDANT
'
Attorney for: R.J.REYNOLDS TOBACCO COMPANY, INC.
JOHN PATERSON  - RETAINED
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


LORILLARD TOBACCO COMPANY - DEFENDANT
'
Attorney for: LORILLARD TOBACCO COMPANY
CHARLES HARVEY  - RETAINED
HARVEY & FRANK
PO BOX 126
PORTLAND ME 04112-0126


Attorney for: LORILLARD TOBACCO COMPANY
ROBERT FRANK  - RETAINED
HARVEY & FRANK
PO BOX 126
PORTLAND ME 04112-0126


COMMONWEALTH BRANDS, INC. - DEFENDANT

'

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-1997-00134


DOCKET RECORD

Attorney for: COMMONWEALTH BRANDS, INC.
ROBERT GALLO   - RETAINED
MCNEILL & TAYLOR PA
PO BOX 815
180 LOCUST STREET
DOVER NH 03821-0815


LIGGETT GROUP LLC - DEFENDANT

,
Attorney for: LIGGETT GROUP LLC
ROBERT GALLO   - RETAINED
MCNEILL & TAYLOR PA
PO BOX 815
180 LOCUST STREET
DOVER NH 03821-0815


SHERMAN 1400 BROADWAY N.Y.C. INC. - DEFENDANT

,
Attorney for: SHERMAN 1400 BROADWAY N.Y.C. INC.
ROBERT GALLO   - RETAINED
MCNEILL & TAYLOR PA
PO BOX 815
180 LOCUST STREET
DOVER NH 03821-0815



Filing Document: COMPLAINT                    Minor Case Type: PRODUCT LIABILITY
Filing Date: 09/17/1997

## Docket Events:

04/27/2006 FILING DOCUMENT - COMPLAINT FILED ON 09/17/1997

            NOTE - PRIOR ENTRIES IN MANUAL DOCKET ENTERED ON 09/17/1997

04/27/2006 Party(s):  STATE OF MAINE
            ATTORNEY - RETAINED ENTERED ON 04/27/2006

04/27/2006 Party(s):  PHILIP MORRIS INC
            ATTORNEY - RETAINED ENTERED ON 04/27/2006
            Defendant's Attorney: JOHN LAMBERT

04/27/2006 Party(s):  STATE OF MAINE
            OTHER FILING - OTHER DOCUMENT FILED ON 04/26/2006
            Plaintiff's Attorney:  CHRISTOPHER C TAUB
            REQUEST FOR HEARING NEEDED FOR PREVIOUS FILING OF MOTION FOR DECLARATORY JUDGMENT.

05/01/2006 Party(s):  STATE OF MAINE
            MOTION - OTHER MOTION FILED ON 04/19/2006
            Plaintiff's Attorney:  CHRISTOPHER C TAUB
            PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT WITH INCORPORATED MEMORANDUM O F LAW, FILED.

05/01/2006 Party(s):  STATE OF MAINE
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/19/2006
            Plaintiff's Attorney:  CHRISTOPHER C TAUB

MOTION FOR ADDITIONAL PAGES WITH INCORPORATED MEMORANDUM OF LAW, FILED.

05/11/2006 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
ATTORNEY - RETAINED ENTERED ON 05/10/2006

05/11/2006 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
ATTORNEY - RETAINED ENTERED ON 05/10/2006

05/11/2006 Party(s):  LORILLARD TOBACCO COMPANY
ATTORNEY - RETAINED ENTERED ON 05/10/2006
Defendant's Attorney: CHARLES HARVEY

05/11/2006 Party(s):  LORILLARD TOBACCO COMPANY
ATTORNEY - RETAINED ENTERED ON 05/10/2006
Defendant's Attorney: ROBERT FRANK

05/11/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/10/2006
Defendant's Attorney: JOHN LAMBERT
S/ROBERT FRANK, ESQ.                                        MOTION FOR
LEAVE TO FILE MEMORANDUM OF LAW IN EXCESS OF APPLICABLE PAGE LIMITS, PROPOSED ORDER AND
REQUEST FOR HEARING

05/11/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION TO COMPEL FILED ON 05/10/2006
Defendant's Attorney: JOHN LAMBERT
S/FRANK, ESQ.                                              DEFENDANT ORI
GINAL PARTICIPATING MANUFACTURERS' MOTION TO COMPEL ARBITRATION, PROPOSED ORDER AND
REQUEST FOR HEARING

05/11/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/10/2006
Defendant's Attorney: JOHN LAMBERT
S/FRANK, ESQ.                                              DEFENDANT
ORIGINAL PARTICIPATING MANUFACTURERS' MEMORANDUM:(1)IN OPPOSIITION TO PLAINTIFFS' MOTION
FOR DECLARATORY JUDGMENT; AND (2) IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND AFFIDAVIT OF JOHN B. WILLIAMS WITH SETTLEMENT AGREEMENT (IN FOLDER)

05/11/2006 Party(s):  COMMONWEALTH BRANDS, INC.
ATTORNEY - RETAINED ENTERED ON 05/10/2006
Defendant's Attorney: ROBERT GALLO

05/11/2006 Party(s):  LIGGETT GROUP LLC
ATTORNEY - RETAINED ENTERED ON 05/10/2006
Defendant's Attorney: ROBERT GALLO

05/11/2006 Party(s):  SHERMAN 1400 BROADWAY N.Y.C. INC.
ATTORNEY - RETAINED ENTERED ON 05/10/2006
Defendant's Attorney: ROBERT GALLO

05/11/2006 Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
OTHER FILING - ENTRY OF APPEARANCE FILED ON 05/10/2006
Defendant's Attorney: ROBERT GALLO

05/11/2006  Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
            MOTION - MOTION TO COMPEL FILED ON 05/10/2006
            Defendant's Attorney: ROBERT GALLO
            SUBSEQUENT PARTICIPATING MANUFACTURERS' JOINDER IN ORIGINAL PARITICIPATING  MANUFACTURERS'
            MOTION TO COMPEL ARBITRATION AND APPENDIX TO SUBSEQUENT  PARTICIPATING MANUFACTURERS'
            JOINDER IN ORIGINAL PARTICIPATING MANUFACTURERS' MOTION TO COMPEL ARBITRATION AND PROPOSED
            ORDER


05/11/2006  Party(s):  COMMISSIONER OF DHHS
            ATTORNEY - RETAINED ENTERED ON 04/19/2006
            Plaintiff's Attorney: CHRISTOPHER C TAUB


05/15/2006  Party(s):  STATE OF MAINE
            LETTER - FROM PARTY FILED ON 05/15/2006
            Plaintiff's Attorney:  PETER LAFOND
            LETTER INFORMING THE COURT THE STATE HAS NO OBJECTION TO THE DEFENDANTS' MOTION TO EXCEED
            APPLICABLE PAGE LIMITS.


05/15/2006  Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
            MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/15/2006
            Plaintiff's Attorney:  PETER LAFOND
            TO FILE A REPLY WITH PROPOSED ORDER


05/23/2006  Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
            MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/17/2006
            S KIRK STUDSTRUP , JUSTICE
            COPIES TO PARTIES/COUNSEL                                            IT IS HEREBY
            ORDERED: PLAINTIFF STATE OF MAINE'S REPLY BRIEF IN RESPONSE TO DEFENDANTS' OPPOSITION IS
            EXTENDED UNTIL MAY 24, 2006


05/25/2006  Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
            OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/24/2006
            Plaintiff's Attorney:  PETER LAFOND
            PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION
            AND IN REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND
            AFFIDAVIT OF LAURIE NELSON.


05/25/2006  Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
            MOTION - OTHER MOTION FILED ON 05/24/2006
            Plaintiff's Attorney:  PETER LAFOND
            PLAINTIFFS' MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW IN EXCESS OF APPLIC ABLE PAGE
            LIMITS WITH PROPOSED ORDER.


05/26/2006  Party(s):  STATE OF MAINE
            LETTER - FROM PARTY FILED ON 05/26/2006
            Defendant's Attorney: PETER LAFOND
            LETTER OF DEFS. STATING THEY HAVE NO OBJECTION TO PLTS. MOTION FOR LEAVE TO FILE
            MEMORANDUM OF LAW IN EXCESS OF APPLICABLE PAGE LIMITS,THAT WAS FILED ON 05-24-06.


05/26/2006  Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 05/26/2006
            FOR DEF. R.J. REYNOLDS TOBACCO

05/26/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/24/2006
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

05/26/2006 Party(s):  STATE OF MAINE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/24/2006
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

05/26/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/26/2006
Defendant's Attorney: ROBERT FRANK
MOTION FOR EXTENSION OF TIME TO FILE REPLY MEMORANDUM WITH INCORPORATED MEMORANDUM OF LAW
AND PROPOSED ORDER AND REQUEST FOR HEARING

05/30/2006 Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/30/2006
Defendant's Attorney: ROBERT GALLO
ASSENTED TO MOTION FOR EXTENSION OF TIME TO FILE REPLY MEMORANDUM AND INCORPORATED
MEMORANDUM OF LAW WITH PROPOSED ORDER AND REQUEST FOR HEARING     FILED BY DEFS.
MANUFACTURERS COMMONWEALTH BRANDS, INC, LIGGETT GROUP LLC AND SHERMAN 1400 BROADWAY N.Y.C.
INC.

06/01/2006 Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 06/01/2006
Defendant's Attorney: ROBERT GALLO
CERTIFICATE OF SERVICE, AFFIDAVIT OF ROBERT J. BROOKHISER, ESQ. ON SUPPORT OF MOTION PRO
HAC VICE AND PROPOSED ORDER.

06/01/2006 Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 06/01/2006
Defendant's Attorney: ROBERT GALLO
AFFIDAVIT OF ELIZABETH B. MCCALLUM, ESQ. IN SUPPORT OF MOTION PRO HAC VICE PROPOSED ORDER
AND REQUEST FOR HEARING.

06/01/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/30/2006
S KIRK STUDSTRUP , JUSTICE
TIME EXTENDED TO 6/7/06 TO FILE REPLY TO MOTION TO COMPEL ARBITRATION.   COPIES MAILED TO
ATTYS.

06/01/2006 Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/30/2006
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                        MANUFACTURERS
COMMONWEALTH BRANDS INC., LIGGETT GROUP LLC AND SHERMAN'S TIME TO FILE REPLY EXTENDED TO
6/8/06.

06/05/2006 Party(s):  LORILLARD TOBACCO COMPANY
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 06/05/2006
Defendant's Attorney: CHARLES HARVEY

TO ADMIT PENNY P. REID, NOTICE OF MOTION,AFFIDAVIT OF PENNY P. REID, PROPOSED ORDER AND
REQUEST FOR HEARING.

06/05/2006 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 06/01/2006
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                              JOHN B.
WILLIAMS IS ADMITTED PRO HAC VICE.

06/05/2006 Party(s): STATE OF MAINE,COMMISSIONER OF DHHS
MOTION - OTHER MOTION GRANTED ON 06/01/2006
DONALD H MARDEN , JUSTICE
PLAINTIFFS' MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW IN EXCESS OF APPLIC ABLE PAGE
LIMITS WITH PROPOSED ORDER.
                                        PAGE LIMITED EXTENDED TO 27 PAGES.   COPIES
MAILED TO ATTYS.

06/05/2006 Party(s): COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 06/02/2006
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                              ROBERT
BROOKHISER, ESQ. ADMITTED PRO HAC VICE.

06/05/2006 Party(s): COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 06/02/2006
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                              ELIZABETH
MCCALLUM, ESQ. ADMITTED PRO HAC VICE

06/08/2006 Party(s): PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
OTHER FILING - REPLY MEMORANDUM FILED ON 06/07/2006
Defendant's Attorney: JOHN LAMBERT
S/ROBERT FRANK, ESQ.                                              DEFENDANT
ORIGINAL PARTICIPATING MANUFACTURERS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL
ARBITRATION, SECOND AFFIDAVIT OF JOHN B. WILLIAMS WITH ATTACHED DOCUMENTS P-Y

06/08/2006 Party(s): PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION FOR LEAVE FILED ON 06/07/2006
Defendant's Attorney: JOHN LAMBERT
S/ROBERT FRANK, ESQ.                                              MOTION FOR
LEAVE TO FILE REPLY MEMORANDUM IN EXCESS OF APPLICABLE PAGE LIMTS, REQUEST FOR HEARING AND
PROPOSED ORDER.

06/09/2006 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
OTHER FILING - AFFIDAVIT FILED ON 06/08/2006
S/JOHN B WILLIAMS

06/09/2006 Party(s): STATE OF MAINE,COMMISSIONER OF DHHS
OTHER FILING - REPLY MEMORANDUM FILED ON 06/09/2006
Plaintiff's Attorney: CHRISTOPHER C TAUB
PLTS. RESPONSE TO DEFS. MOTION FOR LEAVE TO FILE REPLY BRIEF IN EXCESS OF APPLICABLE PAGE
LIMITS.

06/14/2006 Party(s): LORILLARD TOBACCO COMPANY
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 06/13/2006
NANCY MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL                                          PENNY REID,
ESQ. ADMITTED.


06/14/2006 Party(s): PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
MOTION - MOTION FOR LEAVE GRANTED ON 06/14/2006
NANCY MILLS , JUSTICE
DEFENDANTS GIVEN LEAVE TO FILE 27 PAGE REPLY BRIEF.


06/21/2006 Party(s): STATE OF MAINE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/21/2006
Plaintiff's Attorney: CHRISTOPHER C TAUB
PLTS. SUR-REPLY BRIEF IN OPPOSITION TO DEFS. MOTION TO COMPEL ARBITRATION AND IN SUPPORT
OF PLTS. MOTION FOR DECLARATORY JUDGMENT.


07/17/2006 Party(s): PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.
OTHER FILING - OTHER DOCUMENT FILED ON 07/17/2006
Defendant's Attorney: JOHN LAMBERT
S/CHARLES HARVEY, ESQ.                                            DEFENDANT OR
IGINAL PARTICIPATING MANUFACTURERS'NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION.


07/24/2006 Party(s): STATE OF MAINE,COMMISSIONER OF DHHS
OTHER FILING - OPPOSING MEMORANDUM FILED ON 07/24/2006
Plaintiff's Attorney: CHRISTOPHER C TAUB
PLTS. NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFS. MOTION TO COMPEL
ARBITRATION.


07/28/2006 Party(s): PHILIP MORRIS INC
OTHER FILING - OTHER DOCUMENT FILED ON 07/28/2006
Defendant's Attorney: ROBERT FRANK
DEF. ORIGINAL PARTICIPATING MANUFACTURERS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF MOTION TO COMPEL ARBITRATION


08/29/2006 Party(s): STATE OF MAINE,COMMISSIONER OF DHHS
LETTER - FROM PARTY FILED ON 08/29/2006
Plaintiff's Attorney: PETER LAFOND
REQUEST HEARING SCHEDULED FOR 9/6/06 BE RECORDED.


09/01/2006 Party(s): PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
OTHER FILING - OTHER DOCUMENT FILED ON 08/31/2006
DEFENDANT ORIGINAL PARTICIPATING MANUFACTURERS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN
SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION. S/LAMBERT, ESQ. S/HARVEY, ESQ. (ATTACHMENTS
1-9)


09/01/2006 Party(s): PHILIP MORRIS INC
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 09/01/2006
Defendant's Attorney: JOHN LAMBERT
WITH PROPOSED ORDER AND CERTIFICATE IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE OF
THOMAS FREDERICK, ESQ.

09/15/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
         OTHER FILING - OTHER DOCUMENT FILED ON 09/15/2006
         Defendant's Attorney: JOHN LAMBERT
         DEFENDANT ORIGINAL PARITCIPATING  MANUFACTURERS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY
         IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION

09/20/2006 HEARING - OTHER MOTION HELD ON 09/06/2006
         S KIRK STUDSTRUP , JUSTICE
         HEARING HELD ON PENDING MOTIONS. TAPE #2 INDEX 003-2658          PETER LAFOND,
         CHRISTOPHER TAUB, TOM FREDERICK AND ATTY. MCCALL PRESENT FOR ATTYS. ORAL ARGUMENTS MADE TO
         THE COURT.  COURT TO TALK MATTER UNDER ADVISEMENT.

10/04/2006 Party(s):  PHILIP MORRIS INC
         MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 09/01/2006
         S KIRK STUDSTRUP , JUSTICE
         COPIES TO PARTIES/COUNSEL                                        THOMAS
         FREDERICK PERMITTED PRO HAC VICE

10/04/2006 Party(s):  STATE OF MAINE
         MOTION - OTHER MOTION DISMISSED ON 10/03/2006
         S KIRK STUDSTRUP , JUSTICE
         PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT WITH INCORPORATED MEMORANDUM O F LAW, FILED.

10/04/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
         MOTION - MOTION TO COMPEL GRANTED ON 10/03/2006
         S KIRK STUDSTRUP , JUSTICE
         COPIES TO PARTIES/COUNSEL                                    SEE DECISION
         AND ORDER

10/04/2006 Party(s):  COMMONWEALTH BRANDS, INC.,LIGGETT GROUP LLC,SHERMAN 1400 BROADWAY N.Y.C. INC.
         MOTION - MOTION TO COMPEL GRANTED ON 10/03/2006
         S KIRK STUDSTRUP , JUSTICE
         COPIES TO PARTIES/COUNSEL                                    SEE DECISION
         AND ORDER

10/04/2006 FINDING - JUDGMENT DETERMINATION ENTERED ON 10/03/2006
         S KIRK STUDSTRUP , JUSTICE
         DECISION AND ORDER-MOTION FOR DECLARATORY JUDGMENT DISMISSED.  MOTION TO COMPEL
         ARBITRATION IS GRANTED AND ORDERED THAT THE PARTIES SUBMIT THEIR ISSUES TO BINDING
         ARBITRATION IN ACCORDANCE WITH THE MASTER SETTLEMENT AGREEMENT.  COPIES MAILED TO ATTYS.

         ORDER - COURT JUDGMENT ENTERED ON 10/03/2006
         S KIRK STUDSTRUP , JUSTICE
         DECISION AND ORDER-MOTION FOR DECLARATORY JUDGMENT DISMISSED.  MOTION TO COMPEL
         ARBITRATION IS GRANTED AND ORDERED THAT THE PARTIES SUBMIT THEIR ISSUES TO BINDING
         ARBITRATION IN ACCORDANCE WITH THE MASTER SETTLEMENT AGREEMENT.  COPIES MAILED TO ATTYS.
         Judgment entered for PHILIP MORRIS INC and against STATE OF MAINE.

10/04/2006 FINDING - FINAL JUDGMENT CASE CLOSED ON 10/04/2006

10/25/2006 Party(s):  STATE OF MAINE
         APPEAL - NOTICE OF APPEAL FILED ON 10/24/2006

Plaintiff's Attorney:  CHRISTOPHER C TAUB

10/25/2006 Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
APPEAL - STATEMENT OF ISSUES FILED ON 10/24/2006
Plaintiff's Attorney:  CHRISTOPHER C TAUB

10/25/2006 Party(s):  STATE OF MAINE
APPEAL - NOTICE OF APPEAL SENT TO LAW COURT ON 10/25/2006
ATTESTED COPIES OF NOTICE OF APPEAL AND DOCKET SHEETS SENT TO LAW COURT AND ATTORNEYS OF
RECORD.

10/27/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
OTHER FILING - TRANSCRIPT ORDER FORM FILED ON 10/27/2006
Defendant's Attorney: TERESA M CLOUTIER
ATTESTED COPY MAILED TO JAMES CHUTE, CLERK OF THE LAW COURT.

10/27/2006 Party(s):  PHILIP MORRIS INC,R.J.REYNOLDS TOBACCO COMPANY, INC.,LORILLARD TOBACCO COMPANY
OTHER FILING - TRANSCRIPT ORDER FORM SENT TO REPORTER/ER ON 10/27/2006
COPY MAILED TO ELECTRONIC RECORDING.

11/01/2006 APPEAL - RECORD ON APPEAL DUE IN LAW COURT ON 11/01/2006
NOTICE FROM LAW COURT, FILED. S/CHUTE, CLERK OF THE LAW COURT. CASE TO BE TRANSMITTED
NOVEMBER 14, 2006, DOCKET NUMBER ASSIGNED IS KEN-06-665

11/01/2006 OTHER FILING - OTHER DOCUMENT FILED ON 11/01/2006
LETTER REGARDING TRANSCRIPT ORDER, FILED. S/GAYLE KINNEY

12/19/2006 Party(s):  COMMONWEALTH BRANDS, INC.
OTHER FILING - OTHER DOCUMENT FILED ON 06/09/2006
Defendant's Attorney: ROBERT GALLO
SUBSEQUENT PARTICIPATING MANUFACTURER'S JOINDER IN ORIGINAL PARTICIPATING MANUFACTURERS'
REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL ARBITRATION (ATTACHMENT)

12/19/2006 Party(s):  COMMONWEALTH BRANDS, INC.
OTHER FILING - OTHER DOCUMENT FILED ON 08/09/2006
Defendant's Attorney: ROBERT GALLO
SUBSEQUENT PARTICIPATING MANUFACTURERS COMPANIA INDUSTRIAL DE TABACOS MONTE PAZ,
SA,DAUGHTERS & RYAN, INC., HOUSE OF PRINCE A/S, PETER STOKKEBYE A/S, AND VIRGINIA CAROLINA
CORPORATION, INC.'S ASSENTED TO JOINDER IN THE PENDING MOTION TO COMPEL ARBITRATION,
FILED.

12/19/2006 APPEAL - RECORD ON APPEAL SENT TO LAW COURT ON 12/19/2006
ENTIRE FILE TAKEN TO LAW.                                              ATTESTED COPIES
OF DOCKET SHEETS AND TRANSMITTAL OF EXHIBITS MAILED TO JAMES CHUTE, CLERK OF THE LAW
COURT.                                      COPIES MAILED TO ATTYS. OF RECORD.
COURT ACKNOWLEDGEMENT, FILED. S/CHUTE, CLERK (4/20/07)

08/02/2007 APPEAL - MANDATE/ORDER FILED ON 08/01/2007
S/JAMES CHUTE, CLERK

08/02/2007 APPEAL - MANDATE/ORDER DISMISSED ON 08/01/2007

08/15/2007 APPEAL - RECORD ON APPEAL RECVD FROM LAW COURT ON 10/02/2007

ALL EXHIBIT AND FILES RECEIVED FROM LAW COURT.

12/06/2007 Party(s): STATE OF MAINE
MOTION - MOTION TO ENFORCE FILED ON 12/04/2007
Plaintiff's Attorney: JENNIFER ANN WILLIS
STATE'S MOTION TO ENFORCE CONSENT DECREE AND FINAL JUDGMENT (ATTACHMENTS) 12/5/07 - 21-
DAY NOTICE. S/WILLIS, AAG                                          12/6/07 - PROPOSED ORDER.
S/WILLIS, AAG

12/19/2007 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 12/18/2007
Defendant's Attorney: JOHN PATERSON
RJ REYNOLDS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO ENFORCE CONSENT DECREE.
PROPOSED ORDER.

12/28/2007 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/19/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                          ON THE MOTION
OF THE DEFENDANT R.J. REYNOLDS TOBACCO COMPANY IT IS HEREBY ORDERED THAT R.J. REYNOLDS
SHALL HAVE UNTIL JANUARY 11, 2008 TO RESPOND TO THE MOTION TO ENFORCE CONSENT DECREE.

01/09/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
MOTION - OTHER MOTION FILED ON 01/08/2008
Defendant's Attorney: MICHAEL HODGINS
MOTION FOR LEAVE TO EXCEED PAGE LIMITS

01/11/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
MOTION - OTHER MOTION GRANTED ON 01/10/2008
JOSEPH M JABAR , JUSTICE
MOTION FOR LEAVE TO EXCEED PAGE LIMITS                             COPIES MAILED
TO ATTYS. OF RECORD.

01/15/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/11/2008
Defendant's Attorney: JOHN PATERSON
TO PLAINTIFF STATE OF MAINE'S MOTION TO ENFORCE CONSENT DECREE & FINAL JUDGMENT, AND
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

01/22/2008 Party(s): STATE OF MAINE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/18/2008
Plaintiff's Attorney: JENNIFER ANN WILLIS
TO REPLY TO OPPOSITION TO THE STATE'S MOTION TO ENFORCE.

01/28/2008 Party(s): STATE OF MAINE
LETTER - FROM PARTY FILED ON 01/25/2008
LETTER FILED BY JENNIFER WILLIS AAG INDICATING THAT DEF RJ REYNOLDS DOES NOT OPPOSE THE
STATE'S MOTION FOR ENLGARGMENT OF TIME FILED.

01/30/2008 Party(s): STATE OF MAINE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/30/2008
JOSEPH M JABAR , JUSTICE
COPIES TO PARTIES/COUNSEL                                          ON THE MOTION

OF THE PLAINTIFF STATE OF MAINE IT IS HEREBY ORDERED THAT THE STATE OF MAINE SHALL HAVE
UNTIL FEBRUARY 4, 2008 TO REPLY TO R.J. REYNOLDS' OPPOSITION TO THE MOTION TO ENFORCE THE
CONSENT DECREE AND TO FILE ITS OPPOSITION TO R.J. REYNOLDS' MOTION TO DISMISS.

02/06/2008 Party(s): STATE OF MAINE
           OTHER FILING - REPLY MEMORANDUM FILED ON 02/04/2008
           Plaintiff's Attorney: JENNIFER ANN WILLIS
           STATE OF MAINE REPLY MEMORANDUM AND STATE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
           (ATTACHMENTS)

02/07/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
           MOTION - MOTION TO DISMISS FILED ON 01/11/2008
           Defendant's Attorney: MICHAEL HODGINS
           MOTION TO DISMISS THE STATE'S MOTION TO ENFORCE CONSENT DECREE

02/11/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
           MOTION - OTHER MOTION FILED ON 02/07/2008
           Plaintiff's Attorney: JOHN PATERSON
           MOTION TO LEAVE TO FILE A MEMORANDUM IN EXCESS OF THE PAGE LIMITS WITH PROPOSED ORDER.

02/12/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
           OTHER FILING - REPLY MEMORANDUM FILED ON 02/11/2008
           Defendant's Attorney: JOHN PATERSON
           TO MOTION TO DISMISS

02/12/2008 Party(s): STATE OF MAINE,COMMISSIONER OF DHHS
           LETTER - FROM PARTY FILED ON 02/11/2008
           Plaintiff's Attorney: JENNIFER ANN WILLIS
           LETTER INFORMING THE COURT THERE IS NO OBJECTION TO MOTION TO EXCEED

02/29/2008 HEARING - MOTION TO ENFORCE SCHEDULED FOR 04/08/2008 @ 9:30  in Room No.  1
           MOTION TO DISMISS

03/10/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
           OTHER FILING - OTHER DOCUMENT FILED ON 03/10/2008
           Defendant's Attorney: JOHN PATERSON
           DEF RJ RENOLD'S FIRST RQUEST FOR ADMISSIONS, FIRST SET OF INTERROGATORIES AND REQUEST FOR
           DOCUMENTS SERVED ON AAG JENNIFER WILLIS ON 3/7/08.

04/08/2008 HEARING - MOTION TO ENFORCE NOTICE SENT ON 02/29/2008
           COPIES TO ATTYS. OF RECORD.

04/08/2008 HEARING - MOTION TO ENFORCE HELD ON 04/08/2008
           JOSEPH M JABAR , JUSTICE
           Defendant's Attorney: JOHN PATERSON
           Plaintiff's Attorney: JENNIFER ANN WILLIS

04/08/2008 Party(s): STATE OF MAINE
           MOTION - MOTION TO ENFORCE UNDER ADVISEMENT ON 04/08/2008
           JOSEPH M JABAR , JUSTICE

04/08/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
           MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 04/08/2008

JOSEPH M JABAR , JUSTICE

04/09/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 04/04/2008
          Defendant's Attorney: JOHN PATERSON
          MOTION TO ADMIT PETER BIERSTEKER

04/09/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 04/04/2008
          Defendant's Attorney: JOHN PATERSON
          MOTION TO ADMIT NOEL FRANCISCO

05/20/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 05/05/2008
          JOSEPH M JABAR , JUSTICE
          COPIES TO PARTIES/COUNSEL

05/20/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 05/05/2008
          JOSEPH M JABAR , JUSTICE
          COPIES TO PARTIES/COUNSEL

05/20/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          MOTION - MOTION TO DISMISS DENIED ON 05/20/2008
          JOSEPH M JABAR , JUSTICE
          COPIES TO PARTIES/COUNSEL

05/20/2008 ORDER - COURT ORDER ENTERED ON 05/20/2008
          JOSEPH M JABAR , JUSTICE
          DEFENDANT'S MOTION TO DISMISS IS DENIED.                    COPIES TO
          PARTIES/COUNSEL

06/19/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          OTHER FILING - OTHER DOCUMENT FILED ON 06/09/2008
          Defendant's Attorney: JOHN PATERSON
          NOTICE OF DEPOSITION OF PLAINTIFF STATE OF MAINE SERVED ON JENNIFER WILLIS, AAG ON 6/5/08

07/08/2008 HEARING - PRETRIAL/STATUS SCHEDULED FOR 08/06/2008 @ 8:30
          JOSEPH M JABAR , JUSTICE

07/08/2008 HEARING - PRETRIAL/STATUS NOTICE SENT ON 07/08/2008

07/17/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
          ATTORNEY - RETAINED ENTERED ON 07/17/2008
          Defendant's Attorney: JOHN PATERSON

07/17/2008 Party(s):  STATE OF MAINE
          ATTORNEY - RETAINED ENTERED ON 07/17/2008
          Plaintiff's Attorney: JENNIFER ANN WILLIS

07/17/2008 HEARING - PRETRIAL/STATUS SCHEDULED FOR 08/06/2008 @ 8:30  in Room No.  2

07/17/2008 HEARING - PRETRIAL/STATUS NOTICE SENT ON 07/17/2008

07/22/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            OTHER FILING - OTHER DOCUMENT FILED ON 07/21/2008
            Defendant's Attorney: JOHN PATERSON
            FIRST AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION TO PLAINTIFF STTE OF MAINE SERVED ON
            JENNIFER WILLIS, AAG ON 7/16/08.


08/04/2008 Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
            LETTER - FROM PARTY FILED ON 08/01/2008
            Plaintiff's Attorney:  JENNIFER ANN WILLIS
            LETTER REGARDING DISCOVERY ISSUE.


08/04/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            LETTER - FROM PARTY FILED ON 08/04/2008
            Defendant's Attorney: JOHN PATERSON
            LETTER REGARDING DISCOVERY ISSUES.


08/04/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 08/04/2008
            Defendant's Attorney: JOHN PATERSON
            WITH PROPOSED ORDER.


08/08/2008 HEARING - PRETRIAL/STATUS HELD ON 08/06/2008
            JOSEPH M JABAR , JUSTICE
            TELEPHONE CONFERENCE WITH ATTYS. OF RECORD. MOTION TO ENFORCE HEARING SET FOR SEPTEMBER
            25,26 AT 8:30.


08/11/2008 HEARING - PRETRIAL/STATUS HELD ON 08/06/2008
            BY PHONE


08/11/2008 Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 08/06/2008
            JOSEPH M JABAR , JUSTICE
            COPIES TO PARTIES/COUNSEL


08/11/2008 ORDER - COURT ORDER ENTERED ON 08/07/2008
            JOSEPH M JABAR , JUSTICE
            BY AGREEMENT OF THE PARTIES A HEARING WILL BE HELD IN KENNEBEC SUPERIOR COURT ON SEPTEMBER
            25 AND 26. THE PARTIES SHALL EXCHANGE WITNESS AND EXHIBITS LISTS BY AUGUST 29, 2008. THE
            PARTIES ALSO AGREED TO WORK OUT SOME DISCOVERT DISPUTES; HOWEVER, IN THE EVENT THE PARTIES
            CANNOT WORK OUT DISPUTES, THEN THE PARTIES SHALL QUICKLY NOTIFIY THE COURT.
                        COPIES TO ATTYS. OF  RECORD.


08/11/2008 HEARING - MOTION TO ENFORCE SCHEDULED FOR 09/25/2008 @ 8:30  in Room No.  2


08/12/2008 Party(s):  STATE OF MAINE,COMMISSIONER OF DHHS
            LETTER - FROM PARTY FILED ON 08/11/2008
            Plaintiff's Attorney:  JENNIFER ANN WILLIS
            LETTER REGARDING TRIAL


08/14/2008 HEARING - OTHER MOTION SCHEDULED FOR 09/02/2008 @ 9:00  in Room No.  2
            REQUEST A JURY TRIAL

08/14/2008  HEARING - OTHER MOTION NOTICE SENT ON 08/14/2008
            ORAL ARGUMENTS

08/18/2008  HEARING - OTHER MOTION CONTINUED ON 08/18/2008
            REQUEST A JURY TRIAL

08/18/2008  HEARING - OTHER MOTION SCHEDULED FOR 09/04/2008 @ 8:15  in Room No.  2
            ORAL ARGUMENTS

08/18/2008  HEARING - OTHER MOTION NOTICE SENT ON 08/18/2008
            ORAL ARGUMENTS

08/21/2008  Party(s):  STATE OF MAINE
            OTHER FILING - OTHER DOCUMENT FILED ON 08/20/2008
            Plaintiff's Attorney:  JENNIFER ANN WILLIS
            PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; PLAINITFF'S FIRST SET OF INTERROGATORIES AND
            PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON PETER BIERTEKER, ESQ. AND
            JOHN PATERSON, ESQ. ON 8/19/08.

09/02/2008  Party(s):  STATE OF MAINE
            OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/28/2008
            Plaintiff's Attorney:  JENNIFER ANN WILLIS
            TO DEFENDANT'A REQUEST TO STRIKE PLAINTIFF'S REQUESTED MONETARY SANCTIONS OR FOR A JURY
            TRIAL

09/02/2008  Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            OTHER FILING - REPLY MEMORANDUM FILED ON 09/02/2008
            S/BEACH, ESQ

09/03/2008  MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 09/03/2008
            Defendant's Attorney: JOHN PATERSON
            WITH PROPOSED ORDER.

09/04/2008  HEARING - OTHER MOTION HELD ON 09/04/2008
            JOSEPH M JABAR , JUSTICE
            Defendant's Attorney: JOHN PATERSON
            Plaintiff's Attorney:  JENNIFER ANN WILLIS
            ORAL ARGUMENTS                                              CHRISTOPHER
            TAUB, NOEL FRANCISCO, ESQ. AND JEFFREY BEACH, ESQ. TAPE 1017 INDEX 3841-6386

09/05/2008  ORDER - COURT ORDER ENTERED ON 09/05/2008
            JOSEPH M JABAR , JUSTICE
            DEFENDANT'A MOTION TO STRIKE THE STATE'S REQUEST FOR CIVIL SANCTIONS IS GRANTED;THE
            STATE'S REQUEST FOR CIVIL SANCTIONS OF $100.00 PER ISSUE OF ROLLING STONE MAGAZINE 40TH
            ANNIVERSARY ISSUE DISTRIBUTED IN MAINE AND FOR REYNOLDS' WEBSITES RELATED TO THE FORM
            ADVERTISING AND PROMOTION, IS STRIKEN.    COPIES TO ATTYS. OF RECORD.

09/05/2008  MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 09/05/2008
            JOSEPH M JABAR , JUSTICE
            COPIES TO PARTIES/COUNSEL

09/09/2008  Party(s):  R.J.REYNOLDS TOBACCO COMPANY, INC.
            OTHER FILING - OTHER DOCUMENT FILED ON 09/09/2008

Defendant's Attorney: JOHN PATERSON
NOTICE OF DEPOSITION OF BECCA MATUSOVICH AND NOTICE OF DEPOSITION OF ROBERT COTT SERVED ON
JENNIFER WILLIS, AAG ON 9/8/08.

09/16/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
OTHER FILING - OTHER DOCUMENT FILED ON 09/16/2008
Defendant's Attorney: JOHN PATERSON
DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMDISSIONS; DEFENDANT'S RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON JENNIFER WILLIS, ESQ. ON 8/15/08.

09/18/2008 Party(s): STATE OF MAINE,COMMISSIONER OF DHHS
OTHER FILING - OTHER DOCUMENT FILED ON 09/18/2008
Plaintiff's Attorney: JENNIFER ANN WILLIS
PLAINTIFF'S FIRST REQUEST TO DEFENDANT'S SUPPLEMENTAL INTERROGATORIES SERVED ON PETER
BIERSTEKER, ESQ AND GEOFFREY BEACH, ESQ. ON 9/15/08. PLAINTIFF'S FIRST SUPPLEMENTAL
RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND PLIANTIFF'S S ECOND CORRECTED
AMENDED EXHIBIT DESIGNATION SERVED ON JOHN PATERSON, ESQ. ON 9/15/08.

09/23/2008 Party(s): R.J.REYNOLDS TOBACCO COMPANY, INC.
OTHER FILING - OTHER DOCUMENT FILED ON 09/23/2008
Defendant's Attorney: JOHN PATERSON
PRETRIAL BRIEF AND PROPOSED FINDINGS OF FACT AND CONCLUSION OF LAW.

09/25/2008 HEARING - MOTION TO ENFORCE HELD ON 09/25/2008
JOSEPH M JABAR , JUSTICE
ATTYS. OF RECORD. NO COURTROOM CLERK

01/23/2009 ORDER - COURT ORDER ENTERED ON 01/21/2009
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
Clerk